IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IVEY SUMMERLIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:17cv36-CDL-WC |
| SUSAN MARIE NELSON, *et al.*, | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Motion to Remand (Doc. 9) and Defendant Susan Marie Nelson's ("Defendant Nelson") Response (Doc. 11) in opposition thereto. On October 11, 2016, Plaintiff filed a complaint in Alabama state court against Defendant Nelson and Plaintiff's insurer, Defendant ALFA Insurance Corporation ("ALFA"), as a result of an automobile accident that occurred on February 18, 2015, between Plaintiff and Defendant Nelson. Plaintiff alleges two claims: (1) a claim for negligence, recklessness, wantonness against Defendant Nelson, Doc. 1-1 at 3; and (2) an underinsured motorist claim against Defendant ALFA, *id*. at 3-4.[1] Defendant ALFA was served on October 19, 2016. Doc. 1-4 at 17. Defendant Nelson was served on January 9, 2017. *Id*. at 146. Defendant Nelson filed her Notice of Removal (Doc. 1) in this court on January 18, 2017, basing the removal upon diversity jurisdiction. Doc. 1 at 1, ¶ 3.

---

[1] Plaintiff amended his complaint twice in state court. However, the claims against the two Defendants remained the same in all versions of the complaint.

On February 16, 2017, Plaintiff filed a Motion to Remand (Doc. 9), arguing the parties were not completely diverse and that Defendant Nelson had not shown that the $75,000.00 amount in controversy was satisfied. The undersigned entered an Order (Doc. 10) directing Defendant Nelson, on or before March 14, 2017, to show cause, if any there be, why the motion should not be granted, and granting Plaintiff leave to file a reply on or before March 28, 2017. Defendant Nelson filed a response (Doc. 11) on February 21, 2017, opposing Plaintiff's motion. Plaintiff did not file a reply.

As the matter is now fully briefed before the court, it is ripe for recommendation to the District Judge.[2] For the reasons that follow, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (Doc. 9) be GRANTED.

I. Discussion

Plaintiff filed a complaint in Alabama state court on October 16, 2016, and amended it for the second time on November 16, 2016. Doc. 1-3. Plaintiff alleged that on February 18, 2015, in Russell County, Alabama, Defendant Nelson collided her vehicle into the rear of Plaintiff's vehicle when Plaintiff stopped at a red light. *Id*. at 2. Plaintiff claimed that she was injured in the collision, and incurred damages. *Id*. Plaintiff also alleged that Defendant Nelson is and/or was underinsured. *Id*. Against Defendant Nelson, Plaintiff requested compensatory damages, court costs and attorney's fees, as well as punitive damages. *Id*. at 3.

---

[2] On February 27, 2017, the District Judge referred this case to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 14.

Plaintiff alleges that at the time of the collision with Defendant Nelson, Plaintiff had an automobile insurance policy with Defendant ALFA that contained a provision for underinsured motorist coverage.[3] *Id*. at 4. That provision provides insurance coverage for losses and damages sustained in collisions caused by the negligent operation of a vehicle by a third party who is underinsured and is not otherwise entitled to coverage. *Id*. Plaintiff asserts that he has complied with the terms of the contract with Defendant ALFA and is therefore entitled to be paid by Defendant ALFA "all damages sustained by the Plaintiff resulting from the negligence" of Defendant Nelson. *Id*. Further, Plaintiff claims that Defendant ALFA has breached its contract with Plaintiff by failing to make payments to Plaintiff under his contract. *Id*. Against Defendant ALFA, Plaintiff seeks compensatory damages, interest accrued, court costs and attorney's fees, and punitive damages. *Id*.

Plaintiff's motion seeks remand on the basis that this court does not have subject matter jurisdiction over his claims because the parties are not completely diverse due to Defendant ALFA's presence in the case. *See generally* Doc. 9 at 1-5. Before examining Plaintiff's argument, however, the undersigned turns first to examine whether the procedural requirements for removal have been met.

**A. Procedural Requirements for Removal**

When removing a case to federal court, notice must be filed with the federal court "within thirty days after the receipt by the defendant, through service or otherwise, of a

---

[3] Under-insured motorist ("UIM") coverage in Alabama arises out of the uninsured motorist ("UM") statute, Ala. Code § 32-7-23 (1975), discussed *infra. See Lowe v. Nationwide Ins. Co.,* 521 So. 2d 1309, 1309 n. 1 (Ala. 1988) ("As statutorily defined, '*un* insured motorist' includes '*under* insured' motorist").

copy of the initial pleading setting forth the claim for relief[.]" 28 U.S.C. § 1446(b)(1). This means that, once a Defendant is served with the complaint in state court, the clock begins ticking, and the defendant has thirty days from service to remove the case if he so desires. For multi-defendant litigation in which defendants are served on different days, the Eleventh Circuit recognizes the "last-served defendant" rule, which affords each defendant thirty days from the date of formal service to file a notice of removal. *Bailey v. Janssen Pharmaceutica, Inc*., 536 F.3d 1202, 1208-09 (11th Cir. 2008). Removal by the last-served defendant timely removes the case, even if a previously served defendant's thirty-day window to remove has expired. *Jones v. Commonwealth Land Title Ins. Co*., 459 F. App'x 808, 810 (11th Cir. 2012) (citing *Bailey*, 536 F.3d at 1207).

Here, Plaintiff's state court complaint was filed on October 16, 2016. Doc. 1-1. Defendant ALFA was served on October 19, 2016, while Defendant Nelson was served on January 9, 2017. Doc. 1-4 at 17, 146. Defendant Nelson, as the last served defendant in state court, filed her notice of removal with this court on January 18, 2017, based upon diversity jurisdiction.[4] Doc. 1. Accordingly, Defendant Nelson has timely filed her notice of removal to this court. *See Bailey*, 536 F.3d at 1209 (holding that each served defendant is permitted thirty days after service of the complaint in which to seek removal).

---

[4] Prior to Defendant Nelson being served, it did not appear that the case was removable. Plaintiff's state court complaint alleged that he and Defendant Nelson were citizens of Alabama, along with Defendant ALFA. Doc. 1-3 at 2, ¶¶ 1-3. However, once Defendant Nelson was served, it became apparent that Defendant Nelson is a citizen of Wisconsin. Doc. 1-4 at 145 (affidavit of service to Defendant Nelson's husband in Wisconsin). Thus, from Defendant ALFA's perspective, the case was not removable during the thirty-day window after it was served.

4

When multiple defendants have been served in state court, however, the Rules require that *all* defendants either join in the removal or consent to the removal in federal court. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). This rule is well-settled, and often referred to as the "unanimity rule." *See e.g., Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* If all defendants do not consent to removal, a defect in the removal procedure under 28 U.S.C. §1447(c) occurs, making removal improper. *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003).

Here, thirty days has more than come and gone since Defendant Nelson filed her notice of removal to this court. Defendant ALFA did not join in Defendant Nelson's removal notice, nor has Defendant ALFA filed a consent to the removal in this court. Accordingly, the removal is defective under the unanimity rule, and remand is warranted.[5]

---

[5] There are certain exceptions to the unanimity rule. A defendant need not join a removal notice if: "(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the non-joining defendants." *Creekmore v. Food Lion, Inc.,* 797 F. Supp. 505, 508 n.4 (E.D. Va. 1992). Only the second exception is potentially applicable in this case. *Smith*, 252 F. Supp. 2d at 1339 n.5 (In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal."). "The ultimate test of whether the . . . defendants are . . . indispensable parties . . . is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id*. Whether a party is necessary or indispensable "depends on the facts in each case." *Id.* However, as explained in the following section, the undersigned concludes that Defendant ALFA is not a nominal party in this case. As such, the second exception does not apply to the unanimity rule.

**B. Subject Matter Jurisdiction**

Plaintiff challenges Defendant Nelson's removal on the grounds that the parties do not enjoy complete diversity and because the amount in controversy does not exceed $75,000.00. Because the undersigned concludes that the parties are not completely diverse, the undersigned will not address whether the amount in controversy has been satisfied in this case.

Plaintiff is a citizen of Alabama. Doc. 1-3 at 2, ¶ 1. Defendant Nelson is a citizen of Wisconsin. *Id*. at 2, ¶ 2. Defendant ALFA is a domestic corporation and citizen of the state of Alabama. *Id*. at 2, ¶ 3. Clearly, the parties are not completely diverse if Defendant ALFA's citizenship is considered. *See, e.g., Triggs v. John Crump Toyota, Inc., et al.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). If the parties do not enjoy complete diversity, this court lacks jurisdiction over Plaintiff's claims. *Id*.

Defendant Nelson argues that Defendant ALFA's citizenship should not be considered in the complete diversity analysis because Defendant ALFA is a nominal party in the litigation. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (For purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered.) Whether such is the case turns on the principles of Alabama liability insurance law. Under Alabama law, when a plaintiff who holds an underinsured motorist policy sues an underinsured motorist for damages caused by the underinsured motorist,

> [the] plaintiff is allowed *either* to join as a party defendant his own liability insurer in a suit against the underinsured motorist *or* merely to give it notice of the filing of the action against the motorist and of the possibility of a claim

> under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect *either* to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), *or* not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide *either* to intervene *or* to stay out of the case. The results of either choice parallel those set out above—where the insurer *is* joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case.

*Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988) (emphasis in original). Here, Plaintiff has joined Defendant ALFA as a party defendant; therefore, under Alabama law, Defendant ALFA has the option to participate in the trial or to sit on the sidelines and be bound by the court's determination.

As of this time, Defendant ALFA has not filed notice with this court, or with the state court, stating that it intends to "opt out" of the litigation. Nor has it indicated in any other fashion that it intends to forego its participation in trial. In contrast, Defendant ALFA has engaged in the litigation process, albeit minimally, by requesting discovery from Plaintiff, seeking a protective order for Plaintiff's medical records, and answering Plaintiff's complaint in state court. Defendant ALFA has also filed an answer to Plaintiff's complaint in this court. Doc. 7. While these actions do not *necessarily* indicate that Defendant ALFA is choosing to defend the suit, the actions do not lead the undersigned to believe, particularly considering that Defendant ALFA has not filed a notice of election to opt out of the litigation, that Defendant ALFA plans to sit idly on the sidelines. Thus,

7

Defendant ALFA's participation in the proceedings, coupled with the fact that it has yet to opt out, suggests to the undersigned that Defendant ALFA is more than a nominal party in the litigation at this time. *See Oliver v. Rodriguez*, Civil Action No. 2:08-cv-81-WHA, 2008 WL 928328, at *2 (M.D. Ala. April 4, 2008) (holding that ALFA was a nominal party whose citizenship should not be considered in the complete diversity analysis because ALFA "has elected to opt out of the litigation completely and to be bound by the verdict and judgment of liability and damages".).

Nonetheless, Defendant Nelson protests that Defendant ALFA's failure to file an opt out notice is of no significance to the determination of Defendant ALFA's nominal party status, as such status is determined as a matter of law. Doc. 11 at 5. She further argues that Defendant ALFA's participation in the case does not establish that Defendant ALFA has assumed control over the litigation. *Id*. at 4. Although the undersigned agrees that Defendant ALFA's current involvement does not suggest that Defendant ALFA is manning the litigation ship, the undersigned cannot conclude, as explained further below, that Defendant ALFA's minimal participation and its decision not to "opt out" of the case, particularly in combination, equate to a determination that Defendant ALFA is a nominal party.

In the landmark case addressing this issue, *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989), a Tennessee plaintiff sued a Georgia defendant in a Georgia federal court asserting claims arising from an automobile accident in Tennessee. *Broyles*, 878 F.2d at 1401. According to the requirements of Tennessee insurance liability law, the *Broyles* plaintiff served a copy of the lawsuit on his underinsured motorist carrier, which was

deemed a Tennessee citizen for purposes of diversity. *Id*. The Tennessee insurer filed a motion to dismiss the suit, asserting that complete diversity was lacking, and the trial court agreed. *Id*. The Eleventh Circuit, however, reversed the Tennessee trial court. *Id*. at 1406. In so doing, the Circuit phrased the issue on appeal as follows: "Should a federal court consider the residence of an uninsured motorist carrier, served with process pursuant to Tennessee's uninsured motorist statute, when determining diversity for federal jurisdiction purposes?" *Id*. at 1401. In answering that question in the negative, the Circuit set forth the general rule that an uninsured motorist carrier is *not* a real party in interest (and thus a nominal party whose citizenship should not be considered for diversity purposes) *except* in the following three circumstances: where the carrier (1) is enforcing the action as subrogated to the rights of its insured after payment of the loss, (2) is defending against a direction action against it, and (3) where the carrier has assumed primary and visible control of the litigation. *Id*. at 1404.

Later, in *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2008), this court applied the *Broyles* factors and determined that the uninsured motorist carrier's citizenship should be disregarded when examining complete diversity. In *Toole*, the plaintiff accident victim and her husband, both citizens of Alabama, sued the driver of the second vehicle involved in the accident and the vehicle's owner, both citizens of Georgia. *Toole*, 456 F. Supp. at 1219. The plaintiff also asserted an underinsured motorist claim against her own insurer, ALFA, a citizen of Alabama. *Id*. United States District Judge Myron H. Thompson addressed the following question: "whether the state citizenship of a defendant uninsured motorist carrier *that has 'opted out' pursuant to Alabama law* should be considered in

9

determining whether this court has removal jurisdiction." *Id.* (emphasis added). Judge Thompson applied the *Broyles* factors and determined that it should not.[6] *Id.* at 1222.

However, there are important distinctions between *Toole* and this case. In *Toole*, Judge Thompson specifically phrased the issue presented to include the fact that ALFA, the uninsured motorist carrier, had opted out of the litigation. *Id.* at 1219. Thus, when analyzing the second *Broyles* factor—*i.e.*, whether ALFA was defending an action brought directly against it—Judge Thompson relied upon the facts that (1) ALFA had opted out of the litigation, and (2) the plaintiffs named ALFA solely for the purpose of placing their insurer on notice according to Alabama law. *Id.* at 1221. Specifically, Judge Thompson reasoned:

> it is apparent from the record in this case (in particular, the representations made by counsel for all parties at oral argument on September 13, 2006) that the Tooles named ALFA as a defendant for the sole purpose, as required by Alabama law, of putting its insurer on notice of the pendency litigation and giving the insurer the opportunity to participate or opt out. Now that ALFA has opted out (and even has made explicit in its notice of opt out that it "agrees to be bound by the verdict of the jury and agrees to pay any judgement [sic] in accordance with its policy of insurance"), the Tooles and ALFA simply have no dispute between them at this time.

*Id.*

Here, Defendant ALFA has not opted out, nor has it indicated in any way that it intends to sit second chair. Further, Plaintiff has not stated that he named Defendant ALFA as a party defendant solely for the purpose of satisfying the notice requirement in Alabama

---

[6] Part of Judge Thompson's opinion concluded that the reasoning from *Broyles* applied with equal force to Alabama liability insurance law because of its similarity to Tennessee liability insurance law. *Toole*, 456 F. Supp. 2d at 1222.

10

insurance law. Indeed, Plaintiff's opposition to Defendant Nelson's removal based upon the argument that Defendant ALFA is not a nominal party cuts against such a presumption. So does the wording of Plaintiff's complaint. Plaintiff's complaint specifically states that "Defendant ALFA Insurance has breached its contract with the Plaintiff by failing to make payments to the Plaintiff under the under-insured motorist provision of the Plaintiff's policy." Doc. 1-3 at 4, ¶ 20. Clearly, that statement indicates that there is a live controversy between Defendant ALFA and Plaintiff. Thus, at this time, the undersigned cannot conclude, like Judge Thompson did in *Toole*, that there is no longer a dispute between Plaintiff and Defendant ALFA.

Defendant Nelson would still advance the argument, however, that an uninsured motorist carrier is not required to opt out of litigation in order for this court to consider Defendant ALFA a nominal party for diversity purposes because caselaw does not require the carrier to explicitly opt out. Defendant Nelson concedes that "several of the cases have involved a carrier who has indeed already opted out," but that "no such limitation is clearly established by *Broyles* or subsequent caselaw."[7] Doc. 11 at 5. Defendant Nelson points

---

[7] The undersigned agrees with Defendant Nelson that the *Broyles* court did not explicitly require an uninsured motorist carrier to opt out of litigation in order for the carrier to be considered a nominal party. However, in contrast to Alabama liability insurance law, Tennessee liability insurance law does not give the insurer the option to opt out. Instead, Tennessee law requires the plaintiff policyholder to "serve a copy of the process upon the insurance company issuing the policy . . . as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name[.]" T.C.A. § 56-7-1206. Thus, Tennessee law affords the uninsured motorist carrier the affirmative right to participate in the proceedings once it has been served process of the suit against the tortfeasor, but does not require that the carrier file a notice to opt out if it does not plan to participate.

Alabama liability insurance law, in contrast, places an affirmative right upon the uninsured motorist carrier, if named as a party defendant, to *elect* within a reasonable time, either to participate in the trial, or not to participate in the trial. *Lowe*, 521 So. 2d at 1310. Therefore, it appears that the Alabama liability

the court to two cases to advance her conclusion: *Tompkins v. Craft*, Civil Action No. 2:08cv826-WHA, 2008 WL 5381250 (M.D. Ala. Dec. 22, 2008), and *Hudson v. McGowan*, Civil Action No. 3:10cv56-WHA, 2010 WL 1416510 (M.D. Ala. April 8, 2010).

In *Tompkins*, the uninsured motorist carrier had "conditionally" opted out of the litigation prior to this court determining that the insurer's citizenship should not be considered for the purposes of diversity. Defendant Nelson asserts that, because this court found "no difference where [the] UIM carrier 'conditionally' opted out[,]" this court should also conclude there is no difference in this case where Defendant ALFA has not opted out at all. However, Defendant Nelson's interpretation of a conditional opt out is misplaced. It is significant to note that in *Tompkins*, ALFA, who was once again the underinsured motorist carrier, admitted in response to the plaintiff's motion to remand that it "*had been sued solely for underinsured motorist benefits*, with liability only in the event that Plaintiff proves liability against the primary Defendants over and above the high insurance liability limits applicable to this case." *Tompkins v. Craft, et al.*, Case 2:08-cv-826-WHA-TFM (M.D. Ala. Dec. 22, 2008), Doc. 12 at 1, ¶ 1 (emphasis added). This statement is important because it indicates that ALFA had discovered that the tortfeasor had "high insurance liability limits" that would presumably cover the plaintiff's damages without having to reach the plaintiff's underinsured policy with ALFA. In such a situation, ALFA would not

---

insurance scheme contemplates that a carrier is a participant in the trial unless election is made otherwise, while the Tennessee liability insurance scheme contemplates that the carrier is staying on the sidelines unless it engages in the litigation process by filing pleadings or taking other allowable actions. Such a distinction is important in this case because Defendant ALFA has not elected to opt out. Thus, until it indicates otherwise, it appears that Defendant ALFA plans to participate in the litigation according to the principles of Alabama liability insurance law.

be responsible to cover the plaintiff's damages, and thus would have little reason to involve itself actively in the litigation.

In further response to the *Tompkins's* plaintiff's motion to remand, ALFA addressed the argument that remand should occur because ALFA reserved a right to "opt back in the case" if circumstances significantly changed. *Id*. at 2, ¶ 3. In opposing the argument that the conditional language changed its status as a nominal party, ALFA noted that its statement to opt back in "is a standard reservation in any situation in which an underinsured motorist carrier opts out of the case; it is part of the process of opting out under Alabama law, and the statement by [ALFA] in the notice in this case is no different from existing law." *Id.* (citing *Ex parte Progressive Specialty Ins. Co.*, 985 So. 2d 897 (Ala. 2007) (If the liability insurance carrier pays liability limits and settles a case, the underinsured motorist carrier, after it had previously opted out, has the absolute right to opt back into the lawsuit to be able to defend the underinsured motorist claim accordingly.)). Thus, ALFA stated, "whether expressly reserved in the document or not, every notice to opt out contains a right to re-enter the case in the future. However, at this time, just as in *Broyles v. Bayless* [and] *Toole v. Chupp*, . . . the underinsured motorist carrier is a nominal party whose citizenship should be disregarded[.]" *Id*. Accordingly, the *Tompkins* court determined that the plaintiff's motion to remand should be denied because, in part, ALFA had opted out of the litigation, albeit "conditionally," so that it was a nominal party whose citizenship did not destroy diversity jurisdiction. *Tompkins*, 2008 WL 5381250, at *2 ("While Alfa's conditional opt-out makes this case somewhat different from *Toole* . . ., the conditional opt-out does not remove this case from the holding in *Broyles*, because at least at this point,

13

Alfa has done even less to participate in the case than did the insurer in Broyles, which was held to be a nominal party."). Here, however, the situation presents differently as Defendant ALFA has not opted out of the litigation conditionally or otherwise, nor has it stated, in any document, that it considers itself a nominal party.

In *Hudson*, this court determined that ALFA, once again the underinsured motorist carrier for the plaintiffs, was "a nominal party whose citizenship does not destroy diversity." *Hudson*, 2010 WL 1416510, at *1. At the time this court made that determination, the plaintiffs had filed a voluntary dismissal of ALFA because it had been determined that the case did not exceed the tortfeasor's policy limits. *Hudson v. McGowan*, Case No.: 3:10CV56-WHA-TFM (M.D. Ala. April 8, 2010), Doc. 6. Thus, it was clear that there was no actual dispute between ALFA and the plaintiffs since the tortfeasor's policy limits would cover the plaintiffs' damages.[8] Within this court's opinion, United States District Judge W. Harold Albritton noted that the plaintiffs did not contend that there is a lack of complete diversity of the parties, suggesting that the plaintiffs themselves considered ALFA to be a nominal party. *Hudson*, 2010 WL 1416510, at *1. Thus, citing *Broyles* and *Toole,* Judge Albritton concluded—in one sentence—that ALFA's citizenship did not destroy complete diversity. In contrast to the facts of *Hudson*, there has been no determination in this case that Defendant Nelson's policy limits exceed Plaintiff's damages. As such, Defendant ALFA may still be "on the hook" for any amount over and

---

[8] Further, it should be noted that ALFA filed a notice consenting to the removal of the case following the plaintiffs' motion to voluntarily dismiss ALFA from the case. *Hudson v. McGowan*, Case No.: 3:10CV56-WHA-TFM (M.D. Ala. April 8, 2010), Doc. 8.

above Defendant Nelson's policy limits. Therefore, at this time, an actual dispute between Defendant ALFA and Plaintiff exists, and the undersigned cannot conclude that Defendant ALFA is simply a nominal party.

Plaintiff has pointed to no case from a court in this Circuit addressing Alabama liability insurance law that has concluded that an uninsured motorist carrier is a nominal party when the carrier (1) has not opted out of the litigation and (2) has not determined whether it will be responsible for at least some of the plaintiff's damages. Therefore, under these circumstances, the undersigned cannot conclude that Defendant ALFA is a nominal party. This is because, as explained more fully above, Defendant ALFA has not opted out of this litigation or indicated in any way that it considers itself a nominal party. It is also because no determination has been made that Defendant Nelson's policy limits exceed Plaintiff's damages in this case. Thus, it is a very real possibility, at this time, that Defendant ALFA may be required to pay some portion of Plaintiff's damages. Accordingly, Defendant ALFA is not a nominal party to the litigation and its citizenship must be considered when determining whether the parties are completely diverse. When such citizenship is considered, it destroys complete diversity and requires remand to the state court. Accordingly, the undersigned recommends that Plaintiff's motion to remand be granted.[9]

---

[9] The undersigned also notes that this conclusion to remand comports with strict interpretations of federal court jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II. Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion to Remand (Doc. 9) be GRANTED. It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 5, 2017**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 21st day of April, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE